IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Case No. 3:23-cr-00016 |
| | ) | |
| v. | ) | Hon. Robert S. Ballou |
| | ) | United States District Judge |
| **CHRISTOPHER JORDAN RODRIGUEZ** | ) | |

**MEMORANDUM OPINION**

Defendant Christopher Jordan Rodriguez filed a motion to revoke the Court's order detaining him pending trial. After a thorough review of the evidentiary record and briefing on this issue, I conclude that there are no conditions of pretrial release that would reasonably assure the safety of the community. Rodriguez's motion is **DENIED**.

**I.   Background**

On June 27, 2023, Magistrate Judge Joel C. Hoppe signed a criminal complaint that alleged Rodriguez knowingly or intentionally distributed fentanyl in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). Dkt. 3. In the attached affidavit, Special Agent George E. Ott of the Drug Enforcement Administration stated that Rodriguez travelled to a residence in Locust Grove, Virginia, on the night of March 1, 2023, where several people were gathered to celebrate a birthday. See Dkt. 3-1. Rodriguez brought with him a bag of pills containing fentanyl and gave two individuals at the residence one and a half pills each.[1] Rodriguez departed the residence during the early hours of March 2, 2023. One of the individuals who took the pills passed out and began to have trouble breathing. He died overnight, discovered by his mother when she tried to wake him in the morning.

---

[1] The affidavit describes these pills as "round blue counterfeit pills stamped with 'M30,'" which Special Agent Ott states "often contain fentanyl but are commonly referred to as 'Percs' or 'Perc 30s.'" Dkt. 3-1 ¶ 11. There are no assertions in the record that the individuals who allegedly received the pills from Rodriguez were aware they contained fentanyl.

Rodriguez was arrested on August 1 while he was a passenger in his girlfriend's car. A search of the car revealed 17 grams of fentanyl, 13 grams of cocaine, 10 grams of 3,4-methylenedioxy-methamphetamine ("MDMA"), five pounds of marijuana, two ounces of psilocybin mushrooms, and approximately $2,000 in cash.

At his initial appearance, Rodriguez requested that the Court order a home study of his parents' home in Spotsylvania County, located in the Eastern District of Virginia, for the purpose of establishing a release plan. The Court continued the detention hearing and temporarily detained Rodriguez pending a home study. Probation officers from the Eastern District of Virginia conducted a home visit to determine whether they could supervise Rodriguez as a courtesy to the Western District. They interviewed his mother, Rachael Rodriguez, who shared that the defendant would live with his parents and three siblings, one of whom is currently on probation after serving time in jail. Probation asked Mrs. Rodriguez about this brother's criminal history, and Mrs. Rodriguez shared that he had previously been convicted of extortion. However, she did not inform probation about several of the brother's other convictions, including stalking and contributing to the delinquency of a minor. She informed probation that this brother suffers from bipolar disorder and has received mental health counseling. The Eastern District did not approve the home plan and declined to supervise Rodriguez.

Judge Hoppe conducted a fulsome detention hearing on August 16. Rodriguez's mother testified to the proposed release plan and volunteered herself as a third-party custodian. She stated that the defendant would live with herself, his father, and several of his siblings at their home in Spotsylvania County. She spoke to the scrutiny she and her husband would impose on Rodriguez and to his brother's criminal history and mental health status.

The Court determined that no condition or combination of conditions would reasonably ensure the safety of another person or the community. Dkt. 19. The Court reasoned that Rodriguez "is charged with a serious offense—distribution of controlled substances resulting in death—and the weight of the evidence is strong." Id. at 1. In addition, the Court referenced Rodriguez's criminal history, including the multiple probation violations, and that the United States Probation Office for the Eastern District of Virginia declined to conduct courtesy supervision because it did not approve of the proposed release plan.

Following the detention hearing, the grand jury returned an indictment against Rodriguez charging him with knowing and intentional distribution of a detectable quantity of a mixture or substance containing fentanyl in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). See Dkt. 20.

## II.     Analysis

If a magistrate judge orders the detention of a criminal defendant pending trial, the defendant "may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." 18 U.S.C. § 3145(b). The district court reviews the original detention order *de novo*. See United States v. Robinson-Davis, No. 7:22-cr-00045, 2023 WL 1501636, at *1 (W.D. Va. Feb. 3, 2023). The court may rely on the record below and is not required to conduct an additional evidentiary hearing. See United States v. Drake, No. 5:22-cr-00008, 2023 WL 213917, at *2 (W.D. Va. Jan. 12, 2023). I have carefully reviewed the parties' written submissions, the Pretrial Services Report, and the audio of the detention hearing. I find that additional argument would not help me reach a decision on the question of detention.

The court must order pretrial detention if it "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person or the community." 18 U.S.C. § 3142(e)(1). The factors the court considers in

making this determination are (1) the nature and circumstances of the offense; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including his physical and mental condition and whether, at the time of the alleged offense, he was on pretrial release pending trial; and (4) the nature and seriousness of the danger that the defendant's release would present to any person. 18 U.S.C. § 3142(g). The government bears the burden of proof to demonstrate by a preponderance of the evidence that detention is necessary to assure the appearance of the defendant or to demonstrate by clear and convincing evidence that the defendant poses a danger to the community. See Drake, 2023 WL 213917, at *2.

Rodriguez faces a rebuttable presumption that no condition or combination of conditions will reasonably assure his appearance and the safety of the community because the indictment charges Rodriguez with a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). See 18 U.S.C. § 3142(e)(3)(A). With the presumption, "the burden of production shifts to the defendant to come forward with evidence to suggest that the presumption is unwarranted in his or her particular case." United States v. Boyd, 484 F. Supp. 2d 486, 488 (E.D. Va. 2007). However, "'[e]ven in a presumption case, the government retains the ultimate burden of persuasion' to show that detention is warranted." Drake, 2023 WL 213917, at *2 (quoting United States v. Mattis, 963 F.3d 285, 291 (2d Cir. 2020)).

Rodriguez is charged with a serious offense—distribution of fentanyl. The criminal complaint describes that Rodriguez's actions resulted in the death of another individual, but he is not currently charged with the resultant death. His criminal history includes several felony convictions and two violations of a term of supervision. Moreover, Rodriguez was on a term of supervision at the time the events giving rise to this indictment allegedly took place. The weight of the evidence appears strong, and at the time of his arrest, he was found with distribution-level

quantities of five controlled substances. Clear and convincing evidence establishes that Rodriguez poses a danger to the community.[2] Further, the proposed release plan would require Rodriguez to live in the Eastern District of Virginia, which declined to supervise him, with his brother who is on supervision and suffers from bipolar disorder. Granted, Rodriguez has a short criminal history, is in school, and is self-employed as a landscaper, but these facts are not sufficient to overcome the substantial evidence of his danger to the community.

### III.   Conclusion

I find that the government has proven by clear and convincing evidence that there are no conditions or combination of conditions that would reasonably assure the safety of any person and the community. Rodriguez's motion seeking pretrial release is **DENIED**. An appropriate order shall issue.

Entered:  October 3, 2023

*Robert S. Ballou*

Robert S. Ballou
United States District Judge

---

[2] I agree with Judge Hoppe that Rodriguez does not pose a significant flight risk and therefore decline to detain him on that basis.